```
 1
 2                IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF PENNSYLVANIA
 3     _____

 4     UNITED STATES OF AMERICA

 5                    PLAINTIFF

 6          vs.                    CRIMINAL ACTION NO. 13-00243

 7     SEAN TIERNAN,

 8                    DEFENDANT
       _____
 9

10                         PROCEEDINGS

11          Transcript of HEARING ON SENTENCING, commencing on
       MONDAY, OCTOBER 30, 2017, 10:30 A.M.,in the United States
12     District Court, Seventh Floor, Joseph F. Weis, Jr., United
       States Courthouse, Pittsburgh, Pennsylvania, before the
13     HONORABLE ARTHUR J. SCHWAB, UNITED STATES DISTRICT COURT
       JUDGE.
14

15     APPEARANCES:

16     For the Government: By:   James T. Kitchen, Esquire
                                 Assistant U.S. Attorney
17                               Office of the United States Attorney
                                 Fourth Floor, U.S. Courthouse
18                               Pittsburgh, Pennsylvania 15219

19     For the Defendant:  By:   Carolyn F. McNiven, Esquire
                                 Greenberg Traurig
20                               4 Embarcadero Center, Suite 3000
                                 San Francisco, California
21                               (Defendant present with counsel.)

22     Reported by:              Sandra Wenger Goffe, FCRR, RMR
                                 Official Court Reporter
23                               Fifth Floor, U.S. Courthouse
                                 Pittsburgh, Pennsylvania 15219
24                               412.261.6254

25     Proceedings recorded by mechanical stenography.  Transcript
       produced by computer-aided transcription.
```

1          MONDAY MORNING SESSION, OCTOBER 30, 2017, 10:30 A.M.

2                      P R O C E E D I N G S

3                            -  -  -

4          (Whereupon, the following was had in open Court.)

5          THE COURT:  Good morning.  This is the time and

6    place set for sentencing in Criminal No. 13-00243-01.

7          Ask counsel for the government to enter your

8    appearance, please.

9          MR. KITCHEN:  Good morning, Your Honor.  Jimmy

10   Kitchen, Assistant United States Attorney, for the government.

11         THE COURT:  Welcome.

12         On behalf defendant?

13         MS. McNIVEN:  Good morning.  Carolyn McNiven, on

14   behalf of Sean Tiernan, who is present here in Court.

15         THE COURT:  Welcome.

16         Ask the defendant to stand and be sworn, please.

17         MS. KRINGS:  Please raise your right hand?

18         SEAN TIERNAN, DEFENDANT, having been first duly

19   sworn, was examined and testified as follows:

20         MS. KRINGS:  You may be seated.

21         THE COURT:  Do you understand that having been sworn

22   your answers to my questions are subject to the penalties of

23   perjury or of making a false declaration if you do not answer

24   truthfully?

25         THE DEFENDANT:  I do.

1       THE COURT:  You want to pull the microphone in front
2   of you, please?

3       THE DEFENDANT:  (Indicating.)

4       THE COURT:  The Court notes, for the record, that
5   on November 5, 2013, pursuant to a plea agreement, defendant
6   entered a plea of guilty to Count One, a one-count
7   information, charging the defendant with violation of the
8   CAN-SPAM Act, pursuant to Title 18, United States Code,
9   Section 1037(a)(1), 1037(b)(2)(A) and 2.

10      Following your guilty plea, the Court directed the
11  Probation Office to prepare a presentence investigation report
12  and scheduled a sentencing hearing that was continued several
13  times until today.

14      The Court has received and reviewed the presentence
15  investigation report and addendum thereto prepared by the
16  United States Probation Office.  The Court has also reviewed
17  the government's position with respect to the presentence
18  investigation report, indicating it has no objection to said
19  report, and defendant's position, indicating two objections to
20  material issues, but later withdrew those two objections, and
21  four additional non-material miscellaneous objections that do
22  not affect the calculation of the Guideline range.

23      The Court has also reviewed the sentencing memoranda
24  filed by the parties.

25      And, finally, the Court has reviewed the sentencing

1    recommendation prepared by the Probation Office.

2         Appreciate if counsel and defendant would meet me at

3    side-bar for a moment, please?

4                        * * * * * * *

5         (Whereupon, the following side-bar conference was

6    had and placed under seal.)

7                        * * * * * * *

8         (Whereupon, the side-bar conference was concluded,

9    placed under seal, and the following was had in open Court.)

10        THE COURT:   On November 5, 2013, defendant entered a

11   plea of guilty to a one-count information charging you with

12   violations of the CAN-SPAM Act, Title 18, United States Code,

13   Sections 1037(a)(1), 1037(b)(2)(A) and 2.   Correct?

14        THE DEFENDANT:   Yes.

15        MS. McNIVEN:   Correct, Your Honor.

16        THE COURT:   I've reviewed the presentence

17   investigation report and addendum and the sentencing

18   recommendation of the Probation Office.   Pursuant to the

19   standing order of the Board of Judges of this district, the

20   Court finds it's not appropriate to disclose the

21   recommendation of the Probation Office to the parties, nor

22   to counsel.   However, sir, in determining your sentence, the

23   Court will not consider any matter that's not previously been

24   disclosed to you or your attorney.

25        Counsel, have you reviewed the sentencing

1   investigation report, addendum thereto, and discussed them
2   with your clients?
3               MS. McNIVEN:  I have, Your Honor.
4               THE COURT:  Are there any errors in the presentence
5   investigation report or addendum that you have not previously
6   called to the Court's attention?
7               MS. McNIVEN:  No, Your Honor.
8               THE COURT:  Sir, have you reviewed the presentence
9   investigation report, addendum, and other matters, and
10  discussed them with your attorney?
11              THE DEFENDANT:  Yes, Your Honor.
12              THE COURT:  Counsel, is there any legal cause why
13  sentence should not be pronounced?
14              MS. McNIVEN:  No, Your Honor.
15              THE COURT:  Anything else that you would like to add
16  at this point or the defendant would like to add, now would be
17  the appropriate time, please.
18              You can just lift, you can stay seated, but just
19  lift the microphone up so you don't have to be uncomfortable.
20              THE DEFENDANT:  Thank you, Your Honor.  I just
21  wanted to apologize for being here.  I know what I did was
22  wrong and I'm very sorry for it.  I've done everything I can
23  think of to make up for it in the eyes of the law and become a
24  better person.  And I wanted to commit to you today that
25  yourself, nor any other judge, will never see me again in the

1    courtroom.   Thank you.

2            THE COURT:   Okay.   Are you satisfied with your

3    attorney's advice and representation?

4            THE DEFENDANT:   Yes, sir.

5            THE COURT:   Anything she's done you think she should

6    not have done?

7            THE DEFENDANT:   No, sir.

8            THE COURT:   Anything you have asked her to do that

9    she hasn't done?

10            THE DEFENDANT:   No, sir.

11            THE COURT:   Ma'am, anything you would like to add?

12            MS. McNIVEN:   Your Honor, if I may, briefly?

13            THE COURT:   Certainly.

14            MS. McNIVEN:   I have been working with Mr. Tiernan

15    now since 2012.   I can sincerely say he's like my third son at

16    this point.   We've gone through a lot together, and I'm so

17    incredibly proud by all that he has achieved in his life since

18    2012, overcoming some personal obstacles, graduating with a

19    great degree from a great university, and going on to a

20    stellar career where he has really matured as a person and as

21    a worker.

22            He has committed to doing right and has shown his

23    life to do that.   And I think the quality of the person is

24    shown in the letters that were written to Your Honor and his

25    own personal statement accepting responsibility.   It's a

1    privilege to represent him.  Thank you, Your Honor.

2               THE COURT:  Thank you.

3               On behalf the government?

4               MR. KITCHEN:  Thank you, Your Honor.

5               Your Honor, I think, as the PSR indicates, the

6    defendant here today before you should be seen as a very

7    intelligent, in fact, brilliant individual.  Over the last

8    four years, I think Mr. Tiernan has matured.  I think that

9    his, I think that his educational history, as well as his work

10   history, I think should be of note to this Court.  I think

11   Mr. Tiernan is in a different place than where he was when the

12   government came to his house.

13              So, I think the Court should take that into account,

14   as well as the other facts that the government has set forth

15   before this Court when determining this defendant's

16   sentencing.

17              THE COURT:  Any objection to my talking to the

18   probation officer for a minute?

19              MS. McNIVEN:  No, Your Honor.

20              MR. KITCHEN:  No, Your Honor.

21              (Whereupon, an off-the-record discussion was had.)

22              THE COURT:  Anything else, on behalf the government?

23              MR. KITCHEN:  No, Your Honor.

24              THE COURT:  Defendant?  Anything else, ma'am?

25              MS. McNIVEN:  No, Your Honor.

1          THE COURT:   Pursuant to the Sentencing Reform Act

2     of 1984, it is the judgment of Court that the defendant be

3     sentenced to twenty-four months of probation.  Defendant shall

4     report in person to the Probation Office in the district to

5     which he resides to be placed on probation.

6          While on probation, defendant shall not commit

7     another federal, state, or local crime, shall comply with the

8     standard conditions that have been adopted by this Court, and

9     shall comply with the following additional conditions.

10         One, defendant shall not possess a controlled

11    substance.  Probation must be revoked for possession of a

12    controlled substance.

13         Two, defendant shall not possess a firearm,

14    ammunition, destructive device, or other dangerous weapon.

15    Probation must be revoked for possession of a firearm,

16    ammunition, destructive device, or other dangerous weapon.

17         Three, the defendant shall participate in an alcohol

18    after care program, approved by the probation officer, which

19    may include urine testing, until released from the program by

20    the probation officer and/or the Court.

21         Defendant shall not use or possess alcohol.

22         Defendant is required to contribute to the cost of

23    services in an amount determined by the Probation Office, but

24    not to exceed actual costs.

25         Four, defendant shall participate in a mental health

1  assessment and/or treatment program, approved by the probation

2  officer, until such time as defendant is released from the

3  program by the Court and/or the probation officer.

4  　　　　Defendant is required to contribute to the cost of

5  services in an amount to be determined by the Probation

6  Office, but not to exceed actual costs.  The Probation Office

7  is authorized to release defendant's presentence investigation

8  report to any treatment provider, if so requested.

9  　　　　Five, defendant is permitted to possess and use a

10 computer and is allowed to access to the Internet.  However,

11 defendant shall consent to periodic unannounced examination by

12 the probation officer of any computer, cell phone, or other

13 electronic communication, or data storage devices, to which

14 the defendant has access in order to confirm the defendant's

15 compliance with this condition.

16 　　　　Additionally, defendant shall consent to the seizure

17 and removal of hardware or data storage media for further

18 analysis by his probation officer, based upon a reasonable

19 suspicion of a violation of conditions imposed under this case

20 or based upon a reasonable suspicion of unlawful conduct by

21 defendant.

22 　　　　The defendant's failure to submit to the monitoring

23 and/or search of computer or other electronic communication or

24 data storage devices used by defendant may be grounds for

25 revocation.

1          Sixth, if the defendant's employment requires the
2  use of a computer, defendant may use the computer in
3  connection with employment approved by the probation officer
4  provided defendant notifies his employer of the nature of his
5  conviction.

6          The probation officer shall confirm the defendant's
7  compliance with this notification requirement.

8          Defendant shall provide the United States Probation
9  Office with active information about his entire computer
10  system, including its hardware and software, and any
11  electronic communication, or data storage devices, or media,
12  to include all passwords used and the name or names of any
13  Internet service providers.

14          Defendant shall also abide by the provisions of the
15  computer restriction and monitoring program approved by the
16  Court.

17          Eight, defendant shall submit his person, property,
18  house, residence, vehicle, papers, business, or place of
19  employment, to a search conducted by a probation officer at a
20  reasonable time in a reasonable manner, based upon reasonable
21  suspicion of contraband or evidence of a violation of a
22  condition of probation.  Failure to submit to a search may be
23  grounds for revocation.

24          Defendant shall inform any other residents that, any
25  other resident that the residence may be subject to searches.

1          Nine, defendant shall cooperate in the collection of

2     DNA as directed by the probation officer.

3          Now, normally, we would have a geographic

4     restriction.  It doesn't seem that's necessary in this case.

5     Do you?

6               MR. KITCHEN:  I agree with that, Your Honor.

7               MS. McNIVEN:  Your Honor, if I may address the Court

8     on some of the conditions of probation?

9               THE COURT:  Let's stick with my question.  I'm a

10    little slow.  So, you have to work with me; okay?

11         Any objection to not having a restriction on a

12    geographic restriction?

13              MS. McNIVEN:  No, Your Honor.

14              THE COURT:  All right, ma'am.  Yes?  Go ahead,

15    please.

16              MS. McNIVEN:  Your Honor, if I may.  I don't want to

17    put on the record who my client's employer is, but you are

18    very well aware of it.  The conditions that have recommended

19    or Pretrial Services Office has recommended are particularly

20    onnerous for my client in his current capacity.  And I

21    appreciate they may be standard conditions for somebody who

22    has a conviction of this type, but given the fact that he has

23    been working in this position, in his current position, for a

24    certain period of time without those restrictions, and there

25    have been no suggestions by anyone, including the FBI handlers

1  and the others, that he has done anything that would be

2  problematic, let's just say, whether it's considered to be a

3  violation of the law or even a trade secret.  But I would be

4  happy to address and explain what I mean, but my, my client's

5  high level of access to his own employer's secrets and he is

6  literally doing cutting edge proprietary trade secret type

7  work.

8          And so, to be required to effectively open up the

9  computers of his, his employer for the purpose of inspection

10  by a third party, would be, I'm sure, unacceptable to his

11  employer and very problematic for him to continue to do his

12  good work.  I would just mention that he is a crucial person

13  in an important software and cyber security place.  And, too,

14  that would be to their detriment, as well.  I don't think, and

15  I respectfully appreciate the imposition of those conditions,

16  but I think that that would be onerous, particularly onerous

17  here.  Thank you, Your Honor.

18          THE COURT:  The restrictions are relating to his own

19  personal computer and data storage devices.  There is no such

20  limitation relating to employment, other than notification.

21  So, I think if you go to read the provisions, and you'll see

22  the breakdown between his own personal computer, and cell

23  phones, and data storage devices, versus the employer.  The

24  only requirement on the employer is one of notification.

25          If, however, as this plays out, if the government

1    and the defendant find that this is causing a difficulty, then

2    you can file a joint motion and I'll consider it at that time.

3    But I think you need to see the breakdown between restrictions

4    relating to the personal computers versus employment.

5            MS. McNIVEN:  Respectfully, Your Honor, given the

6    fact of how he works in Silicon Valley, he will be bringing

7    his work laptop home.  The fact that they'll have access via

8    search to that will, effectively, open that up.  And I

9    appreciate, Your Honor, there is a delineation, but in this

10   case there won't be, effectively.  He will not be able to

11   perform his job if he can't bring that home and do that work

12   and be accepted in those ways, because he is on call 24/7 for

13   cyber events.

14           THE COURT:  You're telling me that information from

15   his employer is going on his personal computer?

16           MS. McNIVEN:  No, Your Honor.  I'm saying his, his

17   office work and his office computer will be taken with him to

18   his home.  Your Honor has essentially imposed the obligation

19   that he must allow searches of everything within his home,

20   including every computer there.

21           My point is that that would, that would give access

22   and be impossible for his employer to accept and for him to

23   accept.  He cannot, essentially, be in this position to open

24   up his employer to that kind of access by a third party.  I

25   appreciate that Your Honor would like notice, but that will,

1   effectively, he will never work in cyber security again with

2   that.  It would end a very talented man's career.

3         THE COURT:  These are the conditions.  No one

4   mentioned any problem with these standard conditions until

5   now.  So, these are the conditions that are in place.  If the

6   government and the defense counsel wish to sit down and work

7   something out that's acceptable to them, then you can file a

8   motion to modify the conditions.

9         MS. McNIVEN:  Thank you, Your Honor.

10        THE COURT:  All right?

11        MR. KITCHEN:  Yes, Your Honor.

12        THE COURT:  The time to bring this to my attention,

13   if you want to deal with those issues, then you need to have a

14   discussion with the probation officer before we get this far

15   in the process.  But are you going to be able to -- when is

16   your flight back out of here?

17        MS. McNIVEN:  Your Honor, I will meet and confer

18   with the government right now.  I have a flight at

19   three o'clock, but I can delay that if need be.  I certainly,

20   this is very important to me and my client.  We were not aware

21   of these standard conditions.  I apologize, Your Honor.  I

22   don't practice regularly in this district, but I was not

23   informed by local counsel that that was, in fact, the practice

24   in this case and I apologize.  I certainly would have

25   addressed it in writing beforehand.

1          THE COURT:  Certainly.  These are, I believe, the

2    same conditions that were placed upon other defendants in this

3    case.  So, there's nothing unique that we're doing to the

4    defendant that didn't occur to the other defendants in this

5    case.  If you want to loop in the probation officer on this,

6    that's up to you.  This will be monitored in the San Francisco

7    area; correct?

8          MS. McNIVEN:  Yes.  Northern District of California,

9    Your Honor.

10          THE COURT:  Okay.  Anything else you would like to

11    talk about today?

12          MR. KITCHEN:  Not from the government, Your Honor.

13          THE COURT:  I can't remember whether I handled the

14    mandatory special assessments, but I'll do that.

15          The Court also imposes a mandatory special

16    assessment of a hundred dollars, which constitutes a hundred

17    dollar special assessment at each count the defendant has pled

18    guilty to which shall be paid to the Clerk of Court forthwith.

19    Based upon the financial information contained in the

20    presentence investigation report, the Court finds defendant

21    does not have the ability to pay a fine.  Therefore, waives

22    imposition of any fine.

23          Sir, the reason for your sentence is as follows.

24    The Court considers the sentence of twenty-four months'

25    probation to be sufficient, but no greater than necessary to

1   comply with the goals of sentencing as set forth in Title 18,
2   United States Code, Section 3553(a)(2), which are to reflect
3   the seriousness of the offense, promote respect for the law,
4   and provide for just punishment for the offense, to afford
5   adequate deterrence to criminal conduct, protect the public
6   from further crimes by this defendant, and to provide the
7   defendant with needed educational or vocational training,
8   medical care, or other correctional treatment, in the most
9   effective manner.

10          The Court has considered all the sentencing factors
11  set forth in Title 18, United States Code, Section 3553(a),
12  including those presented by the government and defense and as
13  set forth in the presentence investigation report and addendum
14  thereto.

15          The Court has also considered the following.  First,
16  the nature and circumstances of the offense.  For several
17  years, the defendant was involved in development of malware,
18  a computer program used to infect computers at a rapid rate by
19  spreading through the computer user's social networking sites.
20  Once the computer was infected, the malware was programmed by
21  defendant to automatically communicate and receive direction
22  from the servers controlled by the defendant over the Internet
23  without knowledge of the infected computers' owners.

24          The servers used by defendant also were hacked and
25  were being used by defendant without knowledge of their

legitimate owners.  This combination of the hacked servers and
malware infected computers formed what is known as a botnet.

Defendant sold access to the botnet to those who
sought to send out high volumes of spam e-mails for their own
commercial gain.  At the time defendant's computer was
searched by law enforcement, his botnet included more than
seventy-seven thousand infected computers.

Second, the Court has also considered defendant's
criminal, family, and social history.

He was born in Illinois and was raised as the only
child of a middle-class family.  His father owns and operates
a software development business.  His mother is a middle
school teacher.  Defendant reported his mother suffered from
alcoholism, but that he now enjoys a good relationship with
his parents who are supportive of him.  He has never married,
has no children.

Defendant has no prior criminal history.  Since
being charged in this case, he was arrested for a DUI in 2013
and arrested for public intoxication in 2015.  In both
instances, the charges were dismissed.

Third, the Court has considered defendant's personal
characteristics.  He earned a degree in software engineering
from California Polytech State University.  He's also been
accepted into a cyber security graduate program at Stanford
University.  He's been employed as a full-time software

1   engineer since mid-2015.  Prior to that, he was employed
2   part-time in a different company.

3           Defendant volunteers with the Humane Society, is
4   active with his church, and a member of the Toastmaster's
5   Group and Lion's Club International.

6           Defendant has issues as to alcohol since age
7   nineteen and has occasionally used marijuana.  Defendant has
8   completed a drug and alcohol abuse class at Cal Poly.  He also
9   attends Alcoholic  Anonymous meetings.  Has completed a
10  Court-ordered DUI program subsequent to his 2013 arrest.  I've
11  provided for this issue in my conditions of release.

12          Defendant is also engaged in a mental health
13  counseling with a licensed psychologist.  And I've also
14  provided for mental health evaluation in that regard.
15  Otherwise, defendant is in good physical health.

16          Fourth, the Court has considered the kinds of
17  sentences available for this offense and the Sentencing
18  Guideline range under the advisory Guidelines and applicable
19  policy statements adopted by the Sentencing Commission.

20          And then, lastly, the Court has considered the need
21  to avoid unwarranted sentencing disparities among defendants
22  with similar records who have been found guilty of similar
23  crimes.  As to the other defendants in this matter, a sentence
24  for this defendant is such that it does avoid unwarranted
25  sentencing disparities when considered as to the other

1  defendants, in light of their records and in light of their
2  conduct.
3         On behalf the government, does my statement of
4  reasons adequately address all objections, concerns, and
5  issues raised?
6              MR. KITCHEN:  It does, Your Honor.
7              THE COURT:  Agree, ma'am?
8              MS. McNIVEN:  Yes, Your Honor.
9              THE COURT:  Are there any other sentencing factors
10 under Section 3553(a) the Court has failed to address?
11             MR. KITCHEN:  No, Your Honor.
12             THE COURT:  Ma'am?
13             MS. McNIVEN:  No, Your Honor.
14             THE COURT:  I'm going to speak about your right to
15 appeal, sir.  Except as otherwise waived in the plea
16 agreement, you have the right to appeal from the orders of
17 this Court, the judgment of guilty, and/or from the sentence
18 imposed.  You have the right to have a lawyer represent you on
19 appeal at no cost to you.  If you cannot afford them,
20 certified copies of the necessary records and transcripts will
21 be furnished at the expense of the United States government.
22 If you appeal, the notice of appeal must be filed within
23 fourteen days of today.  Otherwise, you will lose your right
24 to appeal.
25             I'd appreciate if you would talk to your counsel in

1    a few moments and tell me whether or not you want the Clerk of

2    Court to prepare and file a notice of appeal on your behalf.

3    So, if you will chat with counsel, please?

4                    (Whereupon, an off-the-record discussion was had.)

5                    THE DEFENDANT:  Not at this time, Your Honor.

6                    THE COURT:  Okay.  Do you understand that if you

7    decide to appeal, you must do it within fourteen days of

8    today?

9                    THE DEFENDANT:  Yes.

10                   THE COURT:  And if you do appeal, you'll use your

11   current counsel?

12                   THE DEFENDANT:  Yes.

13                   THE COURT:  Anything else, on behalf the government?

14                   MR. KITCHEN:  No, Your Honor.

15                   THE COURT:  Defendant?

16                   MS. McNIVEN:  No, Your Honor.

17                   THE COURT:  So, you all need to work with the

18   Probation Office if you want some modifications of these

19   conditions.  And if you can't do it before your flight, then

20   I'm sure you can do it by e-mail and work through it.  But

21   these are the standard conditions and they're the same

22   conditions, quite frankly, that have been placed on the other

23   defendants, even though their particular work situation might

24   be different today than defendant's.

25                   I wish you well, sir.  And I thank the family

1    members and others that were here today.  Thank you for coming

2    down and supporting him.

3             Be wise, sir.

4             THE DEFENDANT:  Thank you.

5             MS. KRINGS:  All rise.  Court is adjourned.

6             (Whereupon, Court was adjourned on the first day of

7    November, 2017.)

8                    C E R T I F I C A T E

9                            - - -

10             I certify by my original signature herein that the

11   foregoing is a correct transcript from the record of

12   proceedings in the above-entitled matter.

13

14                        s/Sandra Wenger Goffe, FCRR, RMR

15                        Official Court Reporter

16                        DATED: November 1, 2017

17

18        *****NOT CERTIFIED WITHOUT ORIGINAL SIGNATURE*****

19

20

21

22

23

24

25